NO. 07-12-00241-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 3, 2012

_____

IN RE DAVID SANDOVAL, RELATOR

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator, David Robert Sandoval, has filed a "Motion for Consideration Nunc Pro Tunc, with Writ of Mandamus to Compel Jurisdiction and Court's Review Pursuant to [Texas Rule of Civil Procedure] 329b(f), (g)."[1]  By this petition, Sandoval appears to seek the issuance of a writ of mandamus to compel the 69th District Court of Moore County to consider and rule on Sandoval's motion for new trial, arrest of judgment, dismissal of indictment, plea to the jurisdiction, and reinstatement of parole.  We deny the petition.

Texas Rule of Appellate Procedure 52.3[2] identifies the requirements of a petition for writ of mandamus filed in this Court.  Sandoval has failed to comply with these

_____

[1] Because we construe Sandoval's "motion" to be a petition for writ of mandamus, further reference to this document will be by reference to "petition."

[2] Further citation of Texas Rules of Appellate Procedure will be by reference to "Rule __."

requirements. Rule 52.3(a) requires that a petition must include a complete list of all parties and the names and addresses of all counsel. Sandoval does not include any such list. Rule 52.3(b) requires that the petition include a table of contents with references to the pages of the petition and an indication of the subject matter of each issue or point raised in the petition. Sandoval's petition includes no table of contents. Rule 52.3(c) requires that a petition include an index of authorities in which all authorities cited in the petition are arranged alphabetically and the page(s) upon which the authorities are cited is indicated. Sandoval's petition includes no index of authorities. Rule 52.3(d) requires a statement of the case that includes a concise description of the nature of the underlying proceeding. Sandoval's petition does not contain a statement of the case, and does not include a concise description of the nature of the underlying proceeding. Rule 52.3(e) requires the petition include a statement regarding the basis of this Court's jurisdiction. Sandoval's petition does not include a jurisdictional statement. Rule 52.3(f) requires the petition include a concise statement of all issues or points presented for relief. Sandoval's petition includes no such statement. Rule 52.3(g) requires the petition include a statement of facts supported by citation to competent evidence included in the appendix or record. Sandoval's petition does not include a statement of facts nor is it accompanied by an appendix or record. Rule 52.3(h) requires a clear and concise argument for the contentions made, with appropriate citations to authorities. Sandoval does cite to authority, however, his arguments are scattered to such an extent that they are unclear. Rule 52.3(i) requires the petition include a short conclusion that clearly states the nature of the relief sought. Sandoval's petition seems to request that the trial court consider

2

and rule on a motion that Sandoval claims is pending in the trial court. However, this motion is referenced only by title and is not included in a record or appendix for this Court to review.[3] Rule 52.3(j) requires that Sandoval certify that he has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record. Sandoval does not so certify. Finally, Rule 52.3(k)(1)(A) requires that the appendix to the petition include a certified or sworn copy of any order complained of, or other document showing the matter complained of. Sandoval has not included an appendix to his petition. As each of these items is required in a petition for writ of mandamus and Sandoval has failed to comply with these requirements, we may not grant the relief that he requests.

Additionally, Texas Rule of Appellate Procedure 9.5 requires that, at or before the time that a document is filed with this Court, a copy of the document must be served on all parties to the proceeding. Sandoval's petition includes a certificate of service but this certificate of service indicates that the petition was served on only the Moore County District Attorney. Thus, the respondent to the petition, the 69th District Court of Moore County, does not appear to have been served with the petition.

---

[3] From the title of this motion and Sandoval's petition, it appears that Sandoval is attempting to obtain the trial court's consideration of whether Sandoval was denied the effective assistance of counsel due to his trial counsel's alleged failure to file certain motions that might have afforded Sandoval relief from his criminal conviction for burglary of a habitation and resulting sentence. However, even if Sandoval complied with the requirements for a petition for writ of mandamus, mandamus is ordinarily not an appropriate remedy for a claim of ineffective assistance of counsel. See In re Mitchell, No. 07-01-0215-CV, 2001 Tex.App. LEXIS 3645, at *4 (Tex.App.—Amarillo June 1, 2001, orig. proceeding).

For the foregoing reasons, we deny Sandoval's petition.


                                        Mackey K. Hancock
                                              Justice